**Abdoulaye SOW, Petitioner,**

**v.**

**Peter D. KEISLER,[1] Respondent.**

No. 06–5177–ag.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2007.

Ronald S. Salomon, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Hannah Baublitz, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Abdoulaye Sow, allegedly a native and citizen of the Republic of Congo, seeks review of an October 10, 2006, order of the BIA affirming the April 21, 2005, decision of Immigration Judge ("IJ") Helen J. Sichel pretermitting his application for asylum and denying his applications for withholding of removal and relief under the CAT. *In re Abdoulaye Sow,* No. A78 698 612 (B.I.A. Oct 10, 2006), *aff'g* No. A78 698 612 (Immig. Ct. N.Y. City Apr. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, we deem Sow's claims for asylum and relief under the CAT abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). In his brief to this Court, Sow neither raised his CAT claim, nor challenged the IJ's finding that his asylum application was untimely.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Therefore, we review only the denial of Sow's application for withholding of removal.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

We ultimately conclude that the BIA properly determined that Sow failed to establish past persecution or a likelihood of future persecution. Sow testified that, if he went back to the Congo, he feared that "the rebel who had come in our house" would kill him. But when the IJ probed as to the basis for that fear, Sow failed totally to provide any reason. When the IJ asked Sow whom he feared now, Sow stated unresponsively, "Right now, if I know that my family is there, because right now, I don't know where my family

is, so I cannot go back." The IJ asked again, "All right, but sir, who is it, what person or group in your country do you fear now?" Sow replied, "Right now, in my country, there are problems. So when I came here, I had come over here to save my life. That's it, that's all." Given the IJ's attempts to ascertain the reasons for Sow's fear of return, Sow's inability to provide any legitimate reason for that fear was a valid ground for finding that he did not establish a clear probability of persecution.

While questions arise as to whether the agency correctly followed the steps enunciated by this court in *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000), regarding corroborative evidence, no remand is required because we can confidently predict that the agency would reach the same conclusion even upon clear application of *Diallo. See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). The BIA's determination that Sow neither established past persecution nor a likelihood of future persecution was otherwise supported by convincing substantial evidence.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.